IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | |
|---|---|
| MONICA GOSSER and<br>THEODORE GOSSER,<br>    PLAINTIFFS,<br><br>v.<br><br>ROGERS, RICHARDS & INGELS, INC.,<br>    DEFENDANT | Case No. 4:14-cv-204 |

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA"), and the Texas Finance Code § 392.001, et seq (hereinafter referred to as "TFC").

### VENUE

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

5. The Plaintiffs reside in this Judicial District.

### PARTIES

6. The Plaintiffs, Monica Gosser and Theodore Gosser ("Plaintiffs"), are adult individuals residing in Tarrant County, Texas, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

1

7. Defendant Rogers, Richards & Ingels, Inc. ("Defendant") is a company operating from Atlanta, Georgia.

8. The Defendant can be served via its registered agent, Business Filings Incorporated at 1201 Peachtree St. NE, Atlanta, GA 30361.

9. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

10. The principal purpose of the Defendant is the collection of debts using the mails and telephone and other means.

11. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

12. Sometime prior to the filing of this Complaint, Plaintiff Monica Gosser allegedly incurred a financial obligation that was used primarily for personal, family or household purposes (hereinafter the "Account").

13. The Account allegedly went into default with the original creditor prior to the filing of this Complaint.

14. After the Account allegedly went into default, the Account was placed with or otherwise transferred to the Defendant for collection.

15. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

16. Plaintiff Monica Gosser disputes the Account.

17. Plaintiffs request that the Defendant cease all further communication on the Account.

18. The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

19. The Defendant acted at all times mentioned herein through its employee(s).

20. During the one year prior to the date of the filing of this Complaint, the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant made telephone calls to the Plaintiffs to collect the Account.

21. In many communications with Plaintiff Monica Gosser, Defendant failed to inform Plaintiff Monica Gosser of its corporate identity and failed to inform Plaintiff Monica Gosser that the communication was from a debt collector. Thus, Defendant violated 15 U.S.C. § 1692d(6) and/or 15 U.S.C § 1692e(11) and/or Tex. Fin. Code § 392.304(5)(B).

22. In many communications with Plaintiff Theodore Gosser, Defendant failed to inform Plaintiff Theodore Gosser of its corporate identity and failed to inform Plaintiff Theodore Gosser that the communication was from a debt collector. Thus Defendant violated 15 U.S.C. § 1692d(6) and/or 15 U.S.C § 1692e(11) and/or Tex. Fin. Code § 392.304(5)(B).

23. Plaintiff Theodore Gosser is a "person" as referenced in 15 U.S.C. § 1692d.

24. Defendant also lied to Plaintiffs in telling them that a lawsuit had been filed against them.

25. Defendant was rude, and used demeaning, belittling and abusive language when speaking with Plaintiffs.

26. Additionally, Defendant contacted Plaintiffs' daughter on or about February 12, 2014, and was very rude and harassing to her.  Despite the fact that Plaintiffs' daughter told Defendant multiple times during this call that she was not Monica Gosser, Defendant continued talking over the daughter nearly to the point of yelling at her. Near the end of the call, Defendant said to Plaintiff's daughter "well, if you're not Monica Gosser, then you must be the girlfriend."

27. Whether Defendant meant to suggest that the daughter was the girlfriend of Monica Gosser (her mother) or Ted Gosser (her father), the statement and the treatment of Plaintiffs' daughter was extremely inappropriate, disgusting, rude and harassing. Plaintiff's daughter was extremely offended by Defendant's comment. Defendant's conduct as described in paragraph 26 above was a violation of 15 U.S.C. § 1692d & d(2).

28. Defendant's conduct was designed for the purpose of harassing and abusing Plaintiffs into succumbing to Defendant's extremely aggressive behavior and paying Defendant money.

29. On at least one occasion, Plaintiff Theodore Gosser called to the office of Defendant and the call was answered by "Mr. Cooper" who said he was in the "Legal Department."  In this call, "Mr. Cooper" threatened that legal documents were being filed with the court and/or attempting to be served on Plaintiffs and that

if payment was not quickly made, Defendant would request that the court add attorneys fees to the request for summons. Additionally, Defendant threatened that it would pursue the "martial assets" of the family if payment was not made. Finally, Defendant called Plaintiff Theodore Gosser a "banty rooster" and hung up on him.

30. In communications with Plaintiff Theodore Gosser as described in Paragraph 29 above, Defendant harassed, oppressed, and/or abused Plaintiff Theodore Gosser in connection with the collection of a debt and thus violated 15 U.S.C. § 1692d.

31. The Defendant's purpose for these telephone call(s) was to attempt to collect the Account.

32. The telephone call(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

33. The telephone call(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

34. The only reason that the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant made telephone call(s) to the Plaintiff was to attempt to collect the Account.

35. The only reason that the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

36. The only reason that the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant left message(s) for the Plaintiff was to attempt to collect the Account.

37. The statements and actions of the Defendant and its representative(s), employee(s) and/or agent(s) constitute illegal communication in connection with debt collection and violate 15 U.S.C. § 1692d&(d)(2)&(d)(6) and 15 U.S.C. § 1692e(2)(A)&(3)&(4)&(5)&(10)&(11)&(13) and 15 U.S.C. § 1692f(6) and Tex. Fin. Code § 392.301(7) and § 392.302(1) and § 392.304(4)&(5)(B)&(8).

38. All of the conduct by the Defendant and/or its employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

39. As a consequence of the Defendant's collection activities and communication(s), the Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a) and Tex. Fin. Code § 392.403.

40. The conduct of the defendant as described above was done knowingly and/or willfully and/or purposefully.

## **RESPONDEAT SUPERIOR**

41. The representative(s) and/or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

42. The representative(s) and/or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

43. The representative(s) and/or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

44. The representative(s) and/or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

45. The representative(s) and/or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

6

46. The representative(s) and/or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

47. The actions of the representative(s) and/or collector(s) at the Defendant are imputed to their employer, the Defendant.

48. As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## COUNT I: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

49. The previous paragraphs are incorporated into this Count as if set forth in full.

50. The act(s) and omission(s) of the Defendant and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692d&(d)(2)&(d)(6) and 15 U.S.C. § 1692e(2)(A)&(3)& (4)&(5)&(10)&(11)&(13) and 15 U.S.C. § 1692f(6).

51. Pursuant to 15 U.S.C. § 1692k the Plaintiffs seek damages, reasonable attorney's fees and costs.

## COUNT II: VIOLATIONS OF THE TEXAS FINANCE CODE

52. The previous paragraphs are incorporated into this Count as if set forth in full.

53. The act(s) and omission(s) of the Defendant and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.301(7) and § 392.302(1) and § 392.304(4)&(5)(B)&(8).

54. Pursuant to Tex. Fin. Code § 392.403, the Plaintiffs seek damages, reasonable attorney's fees and costs.

## COUNT III – INVASION OF PRIVACY (INTRUSION ON SECLUSION)

55. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and

incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Defendant is liable to the Plaintiffs for invading the Plaintiffs' privacy (intrusion on seclusion). Defendant intentionally intruded on the Plaintiffs' solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

56. The Plaintiffs suffered actual damages as a result of Defendant's intrusion.

### COUNT IV – UNREASONABLE COLLECTION EFFORTS

57. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Defendant is liable to Plaintiffs for its unreasonable collection efforts.

58. Plaintiffs have a right to be free from unreasonable and wrongful collection and/or repossession efforts. *See, e.g., Moore v. Savage*, 359 S.W.2d 95 (Tex. Civ. App. – Waco 1962, writ ref'd n.r.e).

59. Defendant's collection efforts were unreasonable and wrongful.

60. Defendant's unreasonable collection efforts proximately caused Plaintiffs to suffer injury, including but not necessarily limited to humiliation and mental anguish.

### EXEMPLARY DAMAGES

61. Exemplary damages should be awarded against Defendant because the harm with respect to which the Plaintiffs seeks recovery of exemplary damages resulted from malice (which means that there was a specific intent by the Defendant to cause substantial injury or harm to the Plaintiffs) and/or gross negligence (which means that

the Defendant's actions and/or omissions (i) when viewed objectively from Defendant's standpoint at the time of the acts and/or omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others and (ii) were such that the Defendant had an actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others).

## JURY TRIAL DEMAND

62. The Plaintiffs are entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiffs requests that the Court grant the following:

63. Judgment in favor of the Plaintiff and against the Defendant.

64. Actual damages pursuant to 15 U.S.C. 1692k(a)(1).

65. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2).

66. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

67. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403.

68. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996).

69. Permanently enjoin Defendant following trial of this cause from committing acts in violation of the statute(s) cited herein pursuant to Tex. Fin. Code § 392.403(a)(1).

70. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
The Wood Firm, PLLC
103 N. Goliad, Suite 204
Rockwall, TX  75087
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@mmlaw.pro
*Attorney for Plaintiffs*